UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE M. BROMLEY,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No. 16-12837

Paul D. Borman
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

# OPINION AND ORDER:
## (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 17);
## (2) ADOPTING THE MAGISTRATE JUDGE'S SEPTEMBER 15, 2017 REPORT AND RECOMMENDATION (ECF NO. 16);
## (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 13);
## (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 14); AND
## (5) AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

On September 15, 2017, Magistrate Judge Stephanie Dawkins Davis issued a Report and Recommendation on the parties' cross-motions for summary judgment. (ECF No. 16, Report and Recommendation.) In the Report and Recommendation, the Magistrate Judge recommended that this Court deny Plaintiff Renee M. Bromley's Motion for Summary Judgment (ECF No. 13, Pl.'s Mot.), grant Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF No. 14, Def.'s Mot.), and affirm the decision of the Commissioner of Social Security

to deny Plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, 42 U.S.C. § 401 *et seq.* (ECF Nos. 11-11-10, Transcript of Social Security Proceedings (hereinafter "**Tr. at \_\_\_**") at 11-19.).

Now before the Court are Plaintiff's Objections to the Report and Recommendation. (ECF No. 17, Pl.'s Objs.) Defendant filed a timely Response. (ECF No. 18, Def.'s Resp.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will overrule Plaintiff's Objections and adopt the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

The Magistrate Judge comprehensively set forth the procedural and factual background of this matter in her Report and Recommendation. (*See* Report and Recommendation at 2-4.) The Court adopts that account here.

In summary, Plaintiff filed the instant claims on November 18, 2013, alleging disability beginning October 24, 2013. After Plaintiff's claims were initially disapproved by the Commissioner of Social Security on April 22, 2014, Plaintiff requested a hearing, which was conducted on May 7, 2015 before Administrative Law Judge ("**ALJ**") Christopher Ambrose. (Report and Recommendation at 2.)

In a decision issued on May 13, 2015, the ALJ concluded that Plaintiff was

not disabled. The Magistrate Judge summarized the ALJ's specific findings as follows:

> The ALJ applied the five-step disability analysis [required by 20 C.F.R. § 404.1520(a)(4)] to plaintiff's claims and found at step one that plaintiff did not engage in any substantial gainful activity since the alleged onset date. (Tr. 13). At step two, the ALJ found that plaintiff had the following severe impairments: status post left parameridian stroke, hypertension, insulin dependent diabetes, nicotine dependency, adjustment disorder with depressed mood, obesity, and status post thyroid cancer with thyroidectomy. (*Id.*). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled one of the listings in the regulations. (Tr. 14). The ALJ determined that plaintiff has the residual functional capacity (RFC) to perform:
>
>> …light work as defined in 20 CFR 404.1567(b)[1] except the claimant can frequently use foot controls with right lower extremity. She can frequently handle of (sic) objects and can occasionally finger of (sic) objects with right upper extremity. The claimant can climb no ladders, ropes or scaffolds. She can occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl. The claimant is able to perform simple, routine and

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

>repetitive tasks with only occasional interactions with the public
>and coworkers.
>
>(Tr. 15). At step four, the ALJ determined that plaintiff could not perform her past relevant work. (Tr. 17). At step five, the ALJ denied plaintiff benefits because he found that plaintiff could perform a significant number of jobs available in the national economy. (Tr. 18).

(Report and Recommendation at 3-4.)

In recommending that this Court affirm the ALJ's findings, the Magistrate Judge addressed three distinct challenges that Plaintiff raised to those findings in her Motion for Summary Judgment. First, the Magistrate Judge found that the ALJ's residual functional capacity ("**RFC**") determination was supported by substantial evidence even though the record did not contain a physician's assessment specifically detailing Plaintiff's physical limitations, both because Plaintiff's medical records and state agency physician testimony undermined the credibility of Plaintiff's own testimony as to her limitations, and because Plaintiff did not establish that the ALJ had an obligation to order a consultative examination (or that there was any evidence that such an examination would have yielded a different result). (*See* Report and Recommendation at 15-21.) Second, the Magistrate Judge found that the RFC as determined by the ALJ adequately accounts for Plaintiff's mental impairments, and that there was no indication that the hypothetical that the ALJ posed to the testifying vocational expert ("**VE**") was insufficient to convey any

4

cognitive limitations that Plaintiff had. In a similar vein, the Magistrate Judge found that the RFC adequately accounts for Plaintiff's obesity because there was no indication that the ALJ failed to sufficiently consider that impairment throughout the five-step disability evaluation. (*See* Report and Recommendation at 21-26.) Finally, the Magistrate Judge found that the ALJ's determination that Plaintiff could perform a significant number of jobs available in the national economy was supported by substantial evidence because Plaintiff had not shown a failure on the ALJ's part to reconcile his RFC determination with the available jobs specified by the VE. (*See* Report and Recommendation at 26-28.)

## II. STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially

consider." *Id.* (internal quotation marks omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Likewise, an objection that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision,

6

'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the Social Security Administration ("**SSA**") that is supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. It is "for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247; *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

### III. ANALYSIS

Plaintiff states three distinct objections to the Magistrate Judge's Report and Recommendation. These objections correspond to (and in some cases replicate) the arguments Plaintiff raised in her Motion for Summary Judgment. First, Plaintiff argues that the physical limitations included in the ALJ's RFC determination are not supported by substantial evidence, chiefly because the ALJ did not order a consultative examination or otherwise supplement the medical evidence in the record, which lacked treating-source evidence regarding Plaintiff's physical limitations. Second, Plaintiff argues that the ALJ failed to properly consider both her mental impairments and her obesity in his disability analysis. Third, Plaintiff maintains that the ALJ failed to reconcile conflicts between Plaintiff's RFC and the jobs that the VE testified were available in the national economy, the latter of which were the basis for the ALJ's conclusion that Plaintiff is not disabled.

For the reasons articulated below, these arguments lack merit. Accordingly, the Court will overrule Plaintiff's Objections and adopt the Magistrate Judge's September 15, 2017 Report and Recommendation.

#### A. Objection 1

Plaintiff's first objection is that the physical limitations contained in the RFC set forth by the ALJ are not supported by substantial evidence. Plaintiff argues in

support of this objection that a treating physician's opinion "was essential to ascertain whether a medical difference of opinion existed" (Pl.'s Objs. at 4) regarding state agency medical consultant Dr. B.D. Choi's opinion, which the ALJ partly relied upon. Dr. Choi's opinion was uncontroverted by anything in the record, and so the essence of Plaintiff's objection is that the ALJ had an affirmative duty to order a consultative examination, or else supplement the record in some other way with treating-source evidence of Plaintiff's physical limitations.

The Magistrate Judge specifically addressed an argument to this effect in the Report and Recommendation, finding: (1) that the state agency physician's opinions together with other medical evidence in the record amounted to substantial evidence that outweighed contrary subjective testimony by Plaintiff; (2) that it was Plaintiff's responsibility to present medical evidence to establish her RFC; and (3) that Plaintiff had neither cited authority establishing an obligation on the ALJ's part to order a consultative examination nor made any showing that a consultative examination would have rendered a different result. (*See* Report and Recommendation at 15-21.)

In fact, the only aspects of Plaintiff's first objection that she did not already present to the Magistrate Judge in her Motion for Summary Judgment are citations to two Sixth Circuit cases, neither of which establishes the existence of the duty that Plaintiff maintains the ALJ had (and breached). Plaintiff first cites *Gentry v. Comm'r*

*of Soc. Sec.*, 741 F.3d 708 (6th Cir. 2014), for the proposition that the ALJ had a "duty to 'consider all [the claimant's] symptoms, including pain, and the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.'" *Id.* at 726 (quoting 20 C.F.R. 404.1529(c)(2)). But there is no indication that the ALJ failed to meet any duty described in *Gentry*, which concerned an ALJ's ignoring of "substantial record evidence" that supported the claimant's testimony regarding pain and physical limitations. *Id.* at 725-26. *Gentry* does not establish that the ALJ in this case had an affirmative duty to order a consultative examination or otherwise expand the record.

Plaintiff also cites *Johnson v. Sec'y of Health & Human Servs.*, 794 F.2d 1106 (6th Cir. 1986), for the general proposition that an ALJ has an obligation to "develop the factual record fully and fairly." *Id.* at 1111. *Johnson* is also inapposite. In that case, the Sixth Circuit held that the ALJ had a duty to further develop the administrative record because that record contained treating-physician opinion evidence suggesting that the claimant had certain impairments, but which was insufficient by itself to allow the ALJ to decide whether Plaintiff in fact had those impairments. *See id.* (concluding that "the ALJ failed to develop the record fully and fairly" because "[t]he lack of clear medical evidence, *in light of the impairments suggested by the physicians*, prevented fair review" of the claim) (emphasis added).

*Johnson* does not support the proposition that "an ALJ must, as a matter of law, seek out a physician's medical opinion where one is not offered." *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015). In fact, the Sixth Circuit has rejected the notion that a broad rule to this effect exists. *See id.*

For the reasons above, the Court will overrule Plaintiff's first objection.

**B.     Objection 2**

In her second objection, Plaintiff raises separate arguments against the Magistrate Judge's determinations that the ALJ's analysis adequately accounted for plaintiff's mental impairments, and that it adequately accounted for her obesity. For the reasons that follow, both arguments lack merit.

**1.     Mental Impairments**

In the Report and Recommendation, the Magistrate Judge rejected Plaintiff's contention that the hypothetical that the ALJ presented to the testifying VE, which "suggest[ed] an individual who would be limited to simple, routine and repetitive tasks[,] does not match with an individual who experiences moderate limitations in her ability to concentrate, persist and keep pace." (Report and Recommendation at 5-6.) The Magistrate Judge relied on *Kepke v. Commissioner of Soc. Sec.*, 636 F. App'x 625 (6th Cir. 2016), in which the Sixth Circuit held that "[c]ase law in this

Circuit does not support a rule that a hypothetical providing for simple, unskilled work is *per se* insufficient to convey moderate limitations in concentration, persistence and pace." *Id.* at 635. The Magistrate Judge elaborated in the Report and Recommendation that in *Kepke*, the Sixth Circuit

> distinguished the plaintiff's circumstances there from the circumstances found in *Ealy v. Comm'r of Social Sec.*, 594 F.3d 504 (6th Cir. 2010), the case on which plaintiff relies here. The court explained that the problem with the ALJ's hypothetical in *Ealy* was that one of the plaintiff's doctor's [*sic*] had specifically limited his ability to sustain concentration to "simple repetitive tasks [for] '[t]wo hour] segments over an eight-hour day where speed was not critical.'" *Kepke*, 636 Fed. Appx. at 635. Yet, the ALJ's hypothetical had only included the limitation of "simple repetitive tasks."

(Report and Recommendation at 21-22.) By contrast, the Magistrate Judge continued, "[b]ecause the plaintiff in *Kepke* failed to point to any record evidence stating 'concrete limitations' as to her ability to maintain concentration, persistence or pace while doing simple, unskilled work (the limitations posed by the ALJ in his hypothetical to the VE) her challenge failed." (*Id.* at 22 (quoting *Kepke*, 636 F. App'x at 635).) The Magistrate Judge then concluded that like the claimant in *Kepke*, Plaintiff had "failed to come forward with record evidence of concrete limitations to her ability to maintain concentration, persistence or pace while performing 'simple, routine and repetitive tasks with only occasional interaction with the public and

12

coworkers.'" (*Id.* (citing Tr. at 15).)

Plaintiff objects to the Magistrate Judge's reliance on *Kepke*, arguing that that case is both unpublished and factually distinguishable from the instant case. Specifically, Plaintiff argues that unlike *Kepke*, this case concerns "the ALJ's failure to obtain . . . assessments from [Plaintiff]'s treating physicians or to require a post hearing consultive [*sic*] examination to help fill in the essential missing parts of the medical evidence of record." (Pl.'s Objs. at 4-5.) As discussed above, however, Plaintiff has cited no authority establishing that the ALJ had an obligation to further develop the record in this way. Absent any such authority, and given that Plaintiff has also failed to cite record evidence demonstrating the sort of "concrete limitations" that the Sixth Circuit found in *Ealy* (but not in *Kepke*), this Court is not persuaded that the Magistrate Judge's reliance on *Kepke* was misplaced. And although *Kepke* was an unpublished decision, it remains persuasive authority, particularly since *Ealy* is distinguishable and therefore does not control this case. *See Peguese v. PNC Bank, N.A.*, 306 F.R.D. 540, 544 (E.D. Mich. 2015) ("[U]npublished decisions may be considered for their 'persuasive value.'") (quoting *United States v. Keith,* 559 F.3d 499, 505 (6th Cir. 2009)).

Plaintiff also argues that "[a] 'moderate' loss of ability to concentrate has often been held to be equal to 25% loss of that capacity" and that "Dr. Jerry Csokasy,

Ph.D., . . . opined that plaintiff had 'moderate' loss of capacity to concentrate - that is usually defined as a loss but with ability to continue to function." (Pl.'s Objs. at 5 (citing Tr. at 91).) Plaintiff notes that the VE "maintain[ed] that more [than] a 15% loss of that ability is work preclusive." (*Id.* (citing Tr. at 81).) But Plaintiff cites neither legal authority nor record evidence for her claim that a "'moderate' loss of ability to concentrate has often been held to be equal to 25% loss of that capacity" (*id.*), and as Defendant correctly points out, Dr. Csokasy's opinion as a whole reflects a view that "Plaintiff's moderate deficits in concentration, persistence, or pace were consistent with the ability to perform a range of simple work." (Def.'s Resp. at 3-4 (citing Tr. 90-91, 94-95).) Plaintiff has not substantiated the claim that Dr. Csokasy's use of the word "moderate" in this context translates to a totally work-preclusive limitation.

### 2. Obesity

Plaintiff also objects to the Magistrate Judge's finding that the ALJ's RFC adequately accounts for Plaintiff's obesity. In arriving at this result, the Magistrate Judge noted that the ALJ: (1) included Plaintiff's obesity (as well as her weight, height and resultant body mass index) in his discussion of Plaintiff's impairments; (2) included the same considerations among the factors used to assess Plaintiff's limitations for the purposes of her RFC; (3) relied on the opinion of Dr. Csokasy,

14

who expressly acknowledged Plaintiff's history of obesity but nevertheless concluded that Plaintiff was able to perform simple or routine tasks on a daily basis; (4) gave partial weight to the opinion of Dr. Choi, who also acknowledged Plaintiff's obesity while at the same time concluding that Plaintiff was able to perform within a range of light work; and (5) reviewed the findings of other treating and consultative physicians before concluding that there were no opinions in the record indicating that plaintiff had limitations greater than those contained in the RFC. (*See* Report and Recommendation at 25-26 (citing Tr. at 13, 17, 91, 93-94).)

This Court agrees with the Magistrate Judge that the ALJ gave due consideration to Plaintiff's obesity in forming the RFC. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (holding that "[g]iven the ALJ's discussion of [the claimant]'s obesity throughout his findings of fact and the ALJ's use of RFCs from physicians who explicitly considered [the claimant]'s obesity, . . . the ALJ adequately accounted for the effect that obesity has" on the claimant's RFC). Plaintiff raises two arguments by way of objection: that the ALJ did not abide by the Social Security Administration's guidance on the consideration of obesity as set forth in *Titles II & Xvi: Evaluation of Obesity*, SSR 02-1P (S.S.A. Sept. 12, 2002) ("**Ruling 02-1P**"), and that the ALJ "did not adequately distinguish *Norman v. Astrue*, 694 F. Supp. 2d 738 [(N.D. Ohio 2010),] requirement that obesity's effects

be clearly evaluated upon both physical and mental impairments." (Pl.'s Objs. at 4.) Both arguments are unavailing. Ruling 02-1P "does not mandate a particular mode of analysis," but simply "directs an ALJ to consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 835 (6th Cir. 2016) (internal quotation marks omitted) (quoting *Nejat v. Comm'r of Soc. Sec.,* 359 F. App'x 574, 577 (6th Cir. 2009) "The ALJ satisfies this requirement so long as she credits 'RFCs from physicians who explicitly accounted for [the claimant's] obesity.'" *Id.* (quoting *Coldiron,* 391 F. App'x at 443). The ALJ did exactly that, and therefore did not run afoul of Ruling 02-1P. To any extent that *Norman v. Astrue* imposes a more stringent requirement, that decision is non-precedential, and does not compel this Court to contravene the Sixth Circuit case law cited above.

For all the reasons above, the Court will overrule Plaintiff's second objection.

**C.     Objection 3**

Plaintiff's third objection is that the ALJ's finding at the fifth step of the sequential analysis—that Plaintiff could perform a significant number of jobs available in the national economy—was not supported by substantial evidence. The Magistrate Judge rejected Plaintiff's arguments that the three jobs identified by the VE in her testimony before the ALJ conflict with the limitations set forth in

Plaintiff's RFC, and that the ALJ failed to resolve that conflict. (*See* Report and Recommendation at 26-28.)

Plaintiff reiterates those arguments in her Objections here. As regards two of the three positions identified by the VE— Kick Press Operator, *see* DICOT 692.685-102, and Folding-Machine Operator, *see* DICOT 208.685-014—Plaintiff's arguments are identical to those raised in her Motion for Summary Judgment. (*Compare* Pl.'s Mot. at 27-30, *with* Pl.'s Objs. at 6-8.) Accordingly, these arguments are not entitled to this Court's *de novo* review. *See Aldrich*, 327 F. Supp. at 747 ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.").

As regards the third identified position of Garment Sorter, *see* DICOT 222.687-014, the only dimension of Plaintiff's argument that was not already presented to the Magistrate Judge is Plaintiff's assertion that she "can not [*sic*] use her hands for even occasional use because her right side is limited [and] being on her feet for extended periods of time causes tingling and pain." (Pl.'s Objs. at 8 (internal citations omitted) (citing Tr. at 51, 59-60, 62, 67-69, 70-72).) The record evidence that Plaintiff cites in support of this claim, however, does not establish that Plaintiff has no use of her hands at all. More importantly, Plaintiff has not demonstrated that her RFC—which includes the ability to perform light work,

17

defined to include jobs that "require[] a good deal of walking or standing, or . . . involve[] sitting most of the time with some pushing and pulling of arm or leg controls," 20 C.F.R. § 404.1567(b)—is not supported by substantial evidence. Thus to the extent that Plaintiff's subjective statements are in conflict with the RFC as determined by the ALJ, her objection is not meritorious. Accordingly, the Court will overrule Plaintiff's third objection.

## IV. CONCLUSION

For all of the reasons stated above, the Court hereby:

- OVERRULES Plaintiff's Objections (ECF No. 17);

- ADOPTS the Report and Recommendation of Magistrate Judge Stephanie Dawkins Davis (ECF No. 16) as this Court's findings and conclusions of law;

- DENIES Plaintiff's Motion for Summary Judgment (ECF No. 13);

- GRANTS Defendant's Motion for Summary Judgment (ECF No. 14); and

- AFFIRMS the decision of the Commissioner of Social Security.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: December 28, 2017

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 28, 2017.

                                                    s/D. Tofil
                                                    Deborah Tofil, Case Manager